http://www.va.gov/vetapp16/Files5/1639948.txt

Citation Nr: 1639948 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 08-14 853 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma

THE ISSUE

Whether the Veteran is eligible for educational assistance under Chapter 30, Title 38, United States Code (Montgomery GI Bill or MGIB).

REPRESENTATION

Appellant represented by: Daniel R. Devoy, Attorney

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

M. McPhaull, Counsel

INTRODUCTION

The Veteran served on active duty from September 1990 to July 1991.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a July 2007 decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma.

In March 2012, the Board remanded the case to the agency of original jurisdiction (AOJ) in order to schedule the Veteran for a Board video-conference hearing. That hearing was held before the undersigned in March 2013. A transcript of the hearing has been associated with the record on appeal.

In September 2013, June 2014, and March 2015 the Board remanded the case to the AOJ for additional development. After taking further action, the AOJ confirmed and continued the prior denial and returned the case to the Board.

The Board remanded this issue again, most recently in February 2016; however, as discussed below, the development has not been completed.

The Board notes that, in addition to the paper VA education folder, there are also electronic (Virtual VA and Veterans Benefits Management System (VBMS)) paperless claims files associated with the appellant's claim. The electronic files contain additional evidence, including the transcript of the March 2013 Board hearing and July 2016 correspondence from the Veteran that documents her change of address. The Board observes that her current address has been updated in Veterans Appeals Control and Locator System (VACOLS).
For the reasons set forth below, this appeal is again being REMANDED to the AOJ. While it is regrettable that another remand is necessary, the Board must address the lack of appropriate action taken by the AOJ in the past. VA will notify the Veteran if further action is required on her part.

REMAND

When this case was remanded in February 2016, the Board instructed that the AOJ send pertinent information to the Veteran's current representative. Indeed, the Board noted that three notice letters sent to the Veteran in July 2014, were not copied to the Veteran's current representative (a private attorney); but rather to her former representative (The American Legion). See VA Form 21-22a (Appointment of Individual as Claimant's Representative), dated September 2012 (located in VBMS) (appointing attorney Daniel R. Devoy as the Veteran's representative). An October 2014 supplemental statement of the case (SSOC) was likewise copied to the American Legion, rather than the Veteran's current attorney. The Board noted that such must be corrected. See 38 C.F.R. § 20.300 (providing that an appellant will be accorded full right to representation in all stages of an appeal).

The Board observed in February 2016 that the evidence did not reflect that the AOJ had made such correction and in fact, the most recent November 2015 SSOC was also noted to have been copied to The American Legion. There was no indication that Mr. Devoy had received any of the notifications, to include the November 2015 SSOC, as instructed by the Board.

Upon review of the Veteran's file, to include paper and electronic, it still appears as if the requested development has not been completed. Indeed, there is no indication that the Veteran's current representative, Mr. Devoy, has received any notifications.

The AOJ is reminded that the United States Court of Appeals for Veterans Claims (Court) has held that a remand by the Board confers on the appellant, as a matter of law, a right to compliance with the remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. Stegall v. West, 11 Vet. App. 268, 271 (1998). The Court has indicated, additionally, that if the Board proceeds with final disposition of an appeal, and the remand orders have not been complied with, the Board itself errs in failing to ensure compliance. Id. Given the Court's holdings on the matter, and the fact that the development sought in this case has not been fully completed, the Board has no choice but to return this case to the AOJ.

Accordingly, the case is REMANDED for the following action:

1. Provide the Veteran's attorney (Daniel R. Devoy) with copies of the three notice letters the AOJ sent to the Veteran in July 2014, as well as copies of the SSOCs mailed to the Veteran in October 2014 and November 2015. All documents enclosed with, or attached to, the originals must be included. The Veteran's attorney should be afforded a reasonable period of time in which to respond. 

The completed action must be notated in the claims file.

2. Then, after taking any additional development deemed appropriate, the claim should be returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2015).

_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2015), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2015).